## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Sui Yuet Kong,

              Petitioner,

v.

Michael Segal,

              Respondent.

Case No. 23-cv-1285 (PAM/LIB)

**REPORT AND RECOMMENDATION**

This matter comes before the undersigned United States Magistrate Judge, pursuant to a general referral in accordance with the provisions of 28 U.S.C. § 636 and Local Rule 72.1, and upon Petitioner Sui Yuet Kong's Petition for Writ of Habeas Corpus ("Petition"). [Docket No. 1].

Petitioner is a federal prisoner currently incarcerated at the Federal Correctional Institution in Waseca, Minnesota. (Petition, [Docket No. 1]). Petitioner was convicted in the United States District Court for the Northern District of Illinois for Money Laundering – Controlled Substance – Import/Export. See United States v. Sui Yuet Kong, 19-cr-219 (N.D. Ill.), [Docket No. 55]. On June 11, 2021, Petitioner was sentenced to 40-months imprisonment, and she began serving her sentence on September 1, 2021. (Petition, [Docket No. 1-1]); see also Kong, 19-cr-219, [Docket No. 55]. While her projected release date is unclear from the Petition, Petitioner has no term of supervision to follow her term of imprisonment. (Petition, [Docket No. 1-1, at p. 3]).

Petitioner believes that she is eligible to have earned time credits under the First Step Act applied to reduce her sentence. Therefore, pursuant to 28 U.S.C. § 2241, Petitioner requests that the Court direct the Federal Bureau of Prisons ("BOP") to "have [her] earned time credits [applied] to reduce [her] sentence length." (Petition, [Docket No. 1], at p. 6).

Petitioner's habeas petition is now before the Court for review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]  Because the habeas petition itself shows conclusively that Petitioner is not entitled to habeas relief, it is recommended that the habeas petition be denied, and this matter be dismissed.

For brief background, Congress enacted the First Step Act ("FSA") on December 21, 2018. See Pub. L. No. 115-391, 132 Stat. 5194.  The Act required the Attorney General to establish a "risk and needs assessment system" that, among other things, would offer "evidence-based recidivism reduction programs ["EBRR"] or productive activities ["PAs"] to prisoners.[2]  18 U.S.C. § 3632(a).  However, the FSA limits an inmate's ability to apply FTCs to only when she has earned time credits that are equal to the remainder of her sentence.  See 18 U.S.C. § 3624(g)(1)(A).  If this eligibility is met, then the prisoner may have her time credits applied toward pre-release custody or supervised release.  18 U.S.C. § 3632(d)(4)(A), (C) (emphasis added).  See 28 C.F.R. § 523.44(d) ("The Bureau may apply FSA Time Credits toward early transfer to supervised release under 18 U.S.C. 3624(g) only when an eligible inmate has . . . a term of supervised release after imprisonment included as part of his or her sentence as imposed by the sentencing court.") (emphasis supplied).

Petitioner's projected release date, assuming good time credit, is unclear from her Petition. However, according to the Bureau of Prisons, Petitioner's projected release date is July 2, 2024. See Inmate Lookup, Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited July 5, 2023). It appears then that, as of the date of this Report and Recommendation, she is more than halfway

---

[1] Kong's petition is not brought under 28 U.S.C. § 2254, but the Rules Governing Section 2254 Cases may nevertheless be applied to her Petition. See Rule 1(b).

[2] "An EBRR Program is a group or individual activity that has been shown by empirical evidence to reduce recidivism or is based on research indicating that it is likely to be effective in reducing recidivism; and is designed to help prisoners succeed in their communities upon release from prison." 28 C.F.R. § 523.41(a).  "A PA is a group or individual activity that allows an inmate to remain productive and thereby maintain or work toward achieving a minimum or low risk of recidivating." 28 C.F.R. § 523.41(b).

through serving her 40-month term of imprisonment.  However, it is not possible for Petitioner to apply her earned time credits under the FSA towards early release to supervision under the circumstances in the present case.  As noted above, Petitioner is currently serving a 40-month term of imprisonment, with no term of supervision to follow.  The FSA is clear in that only inmates sentenced to serve a term of supervision may apply earned FSA time credits to secure early release to that term of supervision. See 18 U.S.C. § 3624 (g)(3) ("If the sentencing court included as a part of the prisoner's sentence a requirement that the prisoner be placed on a term of supervised release after imprisonment pursuant to section 3583, the Director of the Bureau of Prisons may transfer the prisoner to begin any such term of supervised release at an earlier date, not to exceed 12 months, based on the application of time credits under section 3632."); see also Oprea v. FCI Berlin, No. 23-CV-141-SM, 2023 WL 4082282, at *2 (D.N.H. June 20, 2023) (holding that the petitioner could not apply earned FSA time credits towards early release to supervision where the sentencing court did not include a term of supervised release as part of the petitioner's sentence).

Therefore, for the reasons set forth above, the habeas petition should be denied without prejudice and this matter should be dismissed.[3]

---

[3] Furthermore, even liberally construing the Petition as a request for the Court to direct the BOP to have Petitioner's earned time credits under the FSA applied for transfer to pre-release custody, Petitioner still fails to state a viable habeas claim.  "When a prisoner is not challenging either the fact or the duration of [her] confinement, habeas is not the proper remedy, and the court lacks jurisdiction over [her] claims." Johnson v. Birkholz, No. 21-CV-2017 (PJS/LIB), 2022 WL 3135304, at *1 (D. Minn. Aug. 5, 2022); Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam)).  This would merely be a request to change the location in which her custodial term will be carried out. This is not an appropriate subject of habeas litigation, and the Court lacks jurisdiction over this claim when raised in a habeas petition.  See Johnson, 2022 WL 3135304, at *1 ("A legal action seeking transfer from one form of BOP custody to another (like a legal action seeking transfer from one BOP facility to another) is not a challenge to the fact or duration of confinement.").

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1.  The petition for a writ of habeas corpus of Petitioner Sui Yuet Kong, [Docket No. 1], be **DENIED without prejudice**; and

2.  This case be **DISMISSED without prejudice**.

Dated: July 5, 2023                         s/Leo I. Brisbois
                                            Hon. Leo I. Brisbois
                                            United States Magistrate Judge


## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. See Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).